**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| **SPRABERRY CGC, INC.** | § | |
|    *Plaintiff* | § | |
| | § | |
| **V.** | § | **CASE NO.  7:19-CV-00188** |
| | § | |
| **JAY PARKER, INDIVIDUALLY** | § | |
| **AND D/B/A J & C CATTLE CO.** | § | |
|    *Defendant* | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Spraberry GCG, Inc. ("Spraberry" herein), Plaintiff, and files this, its Plaintiff's Original Complaint complaining of Jay Parker, Individually and d/b/a J & C Cattle Co. ("Parker" or "Defendant" herein), Defendant, and for cause of action would show the Court as follows:

### I.

### PARTIES

1.    Plaintiff Spraberry CGC, Inc. is a Texas corporation with its principal place of business located at 2504 S. County Road 1110, Midland, Midland County, Texas.  Robert L. Cobb, Gary Cobb, Billy Frank Good and Shay Good are the only shareholders of Spraberry CGC, Inc. Robert L. Cobb, Billy Frank Good and Shay Good are residents and domiciliaries of Midland, Midland County, Texas.  Gary Cobb is a resident and domiciliary of Lubbock, Lubbock County, Texas.  Spraberry CGC, Inc. has not been incorporated in any state other than Texas.

2.    Defendant Jay Parker, Individually and d/b/a J & C Cattle Co. is a resident and domiciliary of the State of Arkansas and may be served with process at 2187 Sunrise Lane, Waldron, Arkansas, or wherever he may be located.

## II.

## JURISDICTION AND VENUE

3. The Court has diversity jurisdiction under 28 U.S.C. 1332 (a)(2). As set forth above, complete diversity exists between Plaintiff (a Texas corporation whose shares are owned solely by Texas residents and domiciliaries) and Defendant (a resident and domiciliary of Arkansas). The amount in dispute exceeds the jurisdictional amount required for reasons set forth below.

4. Venue is proper in this Court pursuant to 28 U.S.C. 1391 (b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in this District.

## III.

## FACTS

5. Plaintiff contracted with Defendant to care for Plaintiff's cattle which were, at the time of the contract, located in Midland County, Texas.

6. The contract, which was negotiated in Midland County, Texas, provided in pertinent part, that Defendant would properly care for the cattle and use reasonable animal husbandry practices.

7. Defendant would pay the cost of feed, water, mineral, labor, lick supplements, medicine, de-worming, and vaccinations (except vaccinations for weaned calves).

8. Plaintiff agreed to accept a 2% death loss of cattle which were sent to Defendant for care. These cows weighing 1200-1400 pounds were shipped from Plaintiff's facilities in Midland County, Texas to the Defendant in Arkansas.

9. Defendant agreed to accept all death losses exceeding 2% and that the fair market value of said deceased animals above 2% would be deducted from cattle care payments due the Defendant from Plaintiff.

10. Defendant agreed to provide insurance on all livestock in his care. In exchange, Plaintiff would pay the Defendant the sum of $425.00 per cow per year from Midland County, Texas. The agreement was to end on or about November 30, 2018, when the cattle were to be returned to Midland County, Texas.

11. Plaintiff also purchased an additional 96 cows from and/or through Defendant, which were included in the contract.

12. Not only did Defendant not properly care for the cattle in his custody but by November 2018, only 311 of 433 cows and 144 of 398 calves could be located.

13. Upon information and belief, cattle were sold by Defendant without the knowledge or permission of Plaintiff. All of these cattle were removed from the Defendant's premises from November 7, 2018 through November 13, 2018.

14. The remaining cattle were taken to other facilities for adequate care. Cows and calves continued to die following removal from Defendant's premises due to malnourishment.

15. Around November 2, 2018, Defendant was confronted regarding the whereabouts of the cattle in question and Defendant admitted to selling and not properly caring for the cattle, resulting in death losses.

16. On November 2, 2018, Defendant agreed in writing to reimburse Plaintiff for the loss in the amount of $1,000.00 for each cow and $500.00 for each calf if paid by November 30, 2018. No such payment was ever received.

17. The records of Plaintiff and Defendant show that the Plaintiff delivered 433 bred cows resulting in 398 weaned calves which is a 92% weaned calf crop.

18. With reasonable care, at least 90% of the cows would "breed back" resulting in at least 390 weaned calves the following year. However the number of cows bred while under

Defendant's care was drastically reduced resulting in only 56 bred cows that were sold still in poor condition in February and March of 2019.

19. The herd went from a BCS (body condition score) of 6 to a BCS of 1-2 resulting in poor reproductive performance and eventually death.

20. The fair market value of the animals are as follows:

21. 424 Cows (98% OF 433 Head) X $1000 per Cow = $424,000.00

22. 398 Calves (2018 Weaned Calves) X $677.11 per Calf = $269,489.78

23. 390 Calves (2019 Calf Crop) X $800.00 per Calf = $312,000.00

24. Fair Market Value = $1,005,489.78

25. Recovery by Plaintiff Dispersal of Cows, Calves and Weanlings = $223,322.43

26. Amount Owed to Plaintiff = $782,167.35

27. Expenses Paid to Defendant = $167,240.70

28. **Plaintiff's Total Damages = $949,408.05**

## IV.

## CAUSES OF ACTION

### COUNT ONE: COMMON LAW-FRAUD

29. Spraberry hereby repeats and incorporates by reference each and every allegation contained in all paragraphs set forth above.

30. Defendant made multiple false representations to Spraberry regarding the cattle sales and transactions. These representations included that:

   a. Defendant would adequately care for Plaintiff's cattle;

   b. Defendant would provide feed, water, mineral, labor, lick supplements, medicine, de-worming, and vaccinations for the cattle; and,

   c. Defendant would reimburse Plaintiff for all cattle loss over the agreed 2% death loss.

31. Each of the foregoing representations were material. Defendant knew the representations were false when they were made. Defendant made the representations with the intent that Spraberry rely and act on them.  Spraberry justifiably relied on the representations by placing cattle with Defendant for care and, as a result; suffered injury for which it seeks judgment.

## COUNT TWO: CIVIL THEFT

32. Spraberry hereby repeats and incorporates by reference each and every allegation contained in all paragraphs set forth above.

33. Defendant violated the TEXAS CIVIL THEFT LIABILITY ACT and Sections 31.03 and 31.06 of the TEXAS PENAL CODE. The actions of Defendant constitute civil theft because Defendant, knowingly and without effective consent, appropriated cattle or, alternatively, money belonging to Spraberry, for the purpose of using that property for his own benefit.

34. Spraberry has been injured as a proximate result of Defendant's actions in an amount to be more fully demonstrated at trial.  In addition, because the harm caused by Defendant results from fraud, malice, and/or gross .negligence.  Spraberry is entitled to recovery of exemplary damages.

35. In addition, Spraberry is entitled to recover court costs and reasonable and necessary attorneys' fees.  *See* TEX. CIV. PRAC. & REM. CODE § 134.005(b).

## COUNT THREE:  NEGLIGENT MISREPRESENTATION

36. Spraberry hereby repeats and incorporates by reference each and every allegation contained in all paragraphs set forth above.

37. Defendant made multiple false representations to Spraberry regarding the cattle sales and transactions.  These representations included that:

    a. Defendant would adequately care for Plaintiff's cattle;

    b. Defendant would provide feed, water, mineral, labor, lick supplements, medicine, de-worming, and vaccinations for the cattle; and,

   c. Defendant would reimburse Plaintiff for all cattle loss over the agreed 2% death loss.

38. Each of the foregoing representations were made in the course of Defendant's business or in a transaction in which he had a pecuniary interest.

39. Defendant did not exercise reasonable care or competence in communicating those representations.

40. Spraberry justifiably relied on the representations by placing cattle with Defendant, and, as a result, suffered injury for which it seeks judgment.

## COUNT FOUR: FRAUDULENT INDUCEMENT

41. Spraberry hereby repeats and incorporates by reference each and every allegation .contained in all paragraphs set forth above.

42. Defendant made multiple false representations to Spraberry regarding the $5,020,230.11 transaction with .George Cattle Company.

43. These representations included that:

   a. Defendant would adequately care for Plaintiff's cattle;

   b. Defendant would provide feed, water, mineral, labor, lick supplements, medicine, de-worming, and vaccinations for the cattle; and,

   c. Defendant would reimburse Plaintiff for all cattle loss over the agreed 2% death loss.

44. Each of the foregoing representations were material.

45. Defendant knew the representations were false when they were made.

46. Defendant made the representations with the intent that Spraberry rely and act on them.

47. Spraberry justifiably relied on the representations in entering into the agreement to provide delivery of cattle, and, as a result, suffered injury for which it seeks judgment.

## COUNT FIVE: CONVERSION

48. Spraberry hereby repeats and incorporates by reference each and every allegation contained in all paragraphs set forth above.

49. As detailed above, Defendant wrongfully possessed Spraberry's property.

50. Spraberry entrusted Defendant to faithfully provide for the delivery of cattle and remit payment.

51. Spraberry has incurred substantial damages as a direct and proximate result Defendant's wrongful conduct and dominion of Spraberry's property.

## COUNT SIX: MONEY HAD AND RECEIVED

52. Spraberry hereby repeats and incorporates by reference each and every allegation contained in all paragraphs set forth above.

53. Defendant holds money that, in equity and good conscience, belongs to Spraberry.

54. Spraberry is entitled to recover this money from Defendant, in an amount to be more fully demonstrated at trial.

## COUNT SEVEN: BREACH OF CONTRACT

55. Spraberry hereby repeats and incorporates by reference each and every allegation contained in all paragraphs set forth above.

56. Spraberry and Defendant are parties to an agreement. Pursuant to the agreement, Defendant agreed that Defendant would adequately care for Plaintiff's cattle; that Defendant would provide feed, water, mineral, labor, lick supplements, medicine, de-worming, and vaccinations for the cattle; and that Defendant would reimburse Plaintiff for all cattle loss over the agreed 2% death loss.

57. As set forth above, Defendant breached the agreement by selling cattle that belonged to Plaintiff, by failing to provide adequate care for the cattle placed in Defendant's care, custody and control.

58. Spraberry has been injured as a proximate result of Defendant's actions in an amount set forth above.

59. In addition, Plaintiffs are entitled to recovery of attorneys' fees. *See* TEX. CIV. PRAC. & REM. CODE § 38.001 (Vernon 2008).

60. Alternatively, Plaintiff would show that Plaintiff and Defendant were parties to an agreement dated November 2, 2018, whereby Defendant agreed in writing to reimburse Plaintiff for the loss in the amount of $1,000.00 for each cow and $500.00 for each calf lost. Defendant has failed and refused and continues to fail and refuse to pay this sum owed.

## COUNT EIGHT: QUANTUM MERUTT

61. Spraberry hereby repeats and incorporates by reference each and every allegation contained in all paragraphs set forth above.

62. In the alternative and without waiving the foregoing, Spraberry, acting in the ordinary course of business, furnished Defendant with cattle, as detailed above.

63. Defendant received and accepted the cattle and the corresponding money, unjustly enriching Defendant at the expense of Spraberry.

64. Defendant knew, or should have known, that the cattle were provided in anticipation of compensation, and were not furnished gratuitously.

65. After all offsets, payments and credits, the reasonable unpaid value of the cattle is at least $782,167.35.

66. Despite demand, Defendant wrongfully refused to pay the reasonable value of the cattle for which sum Spraberry sues.

67. Spraberry has been damaged in an amount in excess of the jurisdictional limits of the Court and is entitled to recover.

## COUNT NINE: NEGLIGENCE

68. Each of the foregoing paragraphs are incorporated and reasserted herein by reference.

69. By agreeing to accept cattle for grazing, Defendant owed a legal duty to Plaintiff to care for Plaintiff's cattle as a reasonably prudent custom cattle feeder.

70. As set forth above, Defendant breached this duty by selling cattle that belonged to Plaintiff, and by failing to provide adequate care for the cattle placed in Defendant's care, custody and control.

71. This breach proximately caused damage to Plaintiff as set forth above, for which Plaintiff now seeks recover.

## COUNT TEN: ATTORNEYS' FEES

72. Each of the foregoing paragraphs are incorporated and reasserted herein by reference.

73. Spraberry previously presented Defendant with a written demand for its claims. Despite that demand, Defendant has failed and refused, and continues to fail and refuse, to pay the balance due.

74. As a result, Spraberry was required to retain the law firm of Craig, Terrill, Hale & Grantham, LLP to enforce Spraberry's rights and has agreed to pay the firm a reasonable fee for its services. Spraberry has incurred, and will continue to incur, reasonable attorneys' fees, which it seeks to recover as damages from Defendant pursuant to Section 38.001 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE and Texas law.

## V.

## **CONDITIONS PRECEDENT**

75. All conditions precedent have occurred, or have been excused.

## VI.

## **JURY DEMAND**

76. Spraberry hereby respectfully demands a trial by jury in this cause and previously paid the required fee.

## VII.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED; Spraberry CGC, Inc. requests that Defendant, Jay Parker, Individually and d/b/a J & C Cattle Co., be cited to appear and answer this Complaint and that upon final hearing that Spraberry CGC, Inc. have judgment against Defendant Jay Parker, Individually and d/b/a J&C Cattle Co. as follows:

a. all actual damages;

b. all special damages as permitted by law;

c. exemplary damages as permitted bylaw;

d. disgorgement of all profits obtained by Defendant as permitted by law;

e. pre-judgment interest at the highest rate permitted by Texas law;

f. post-judgment interest at the highest rate permitted by Texas law;

g. reasonable and necessary attorneys' fees for pre-trial, trial, any and all appeals, and petitions for review;

h. all costs of suit; and

i. all other relief to which Spraberry may be entitled in law or equity.

Respectfully submitted,

**CRAIG, TERRILL,
   HALE & GRANTHAM, LLP**
1500 Broadway, Suite 400
P.O. Box 1979
Lubbock, TX 79408
Telephone: (806) 744-3232
Facsimile:  (806) 744-2211

By:  */s/H. Grady Terrill*
   **H. Grady Terrill**
   SBN:  19792300
   gradyt@cthglawfirm.com
   **TyScott Hamm**
   SBN:  24053946
   thamm@cthglawfirm.com
   *Attorneys for Plaintiff*